# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KATHY DAWSON,

      Plaintiff,

    -vs-                                 No. CIV 99-0871 JC/LFG  (ACE)

BILL RICHARDSON, Secretary,
DEPARTMENT OF ENERGY,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of Defendant's Motion for Dismissal Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c), filed September 18, 2000 *(Doc. 28)* and Plaintiff's Motion for Relief from Judgment under Rule 60, filed November 8, 2000 *(Doc. 33)*. The Court has reviewed the motion, the memoranda and exhibits  submitted by the parties and the relevant authorities.  The Court finds that Defendant's motion is well taken and will be granted.  The Court further finds that  Plaintiff's motion is not well taken and will be denied.

## BACKGROUND

Until recently, Plaintiff Kathy Dawson was a Senior Accountant with the Department of Energy (DOE) in Albuquerque, New Mexico.  Plaintiff alleges that while working for DOE,  she was denied the same job opportunities as male team leaders.  Plaintiff also alleges additional gender discrimination and retaliation under Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e *et*

*seq.* (Title VII).  *See* First Amended Complaint (FAC), filed November 16, 1999 *(Doc. 2)*.  In March 2000, Plaintiff agreed to dismiss allegations set forth in paragraph 20 A-K.  *See* Stipulation of Dismissal, filed, March 13, 2000 *(Doc.21)*.  Defendant now seeks dismissal of Plaintiff's remaining allegations as set forth in Plaintiff's FAC at ¶¶ 2-L, 20M and 20N, filed November 16, 1999 *(Doc. 2)*.  Plaintiff opposes Defendant's Motion and seeks relief from judgment as to paragraph 20 I of Plaintiff's FAC, previously dismissed by stipulation of the parties.  *See* Stipulation of Dismissal, filed March 13, 2000 *(Doc. 21)*.

## DISCUSSION

### I.   Plaintiff's Motion for Relief From Judgment

Plaintiff's First Amended Complaint alleges fourteen actions or incidents evidencing Defendant's retaliatory and discriminatory motives.  *See* FAC at 4, ¶¶ 20 A-N, filed Nov. 16, 1999 *(Doc. 2)*. In March 2000, Plaintiff agreed to dismiss Plaintiff's claims of retaliation and discrimination based on the actions set forth in paragraphs 20 A-K of the FAC.  *See* Stipulation of Dismissal, filed Mar. 13, 2000 *(Doc. 21)*. Plaintiff now seeks relief from judgment as to the dismissal of ¶ 20 I which states that Plaintiff "was not selected for the position of Deputy Director Budget and Resources Management Division Supervisory Program Analyst, GM-343-15, on April 13, 1997." *See* Plaintiff's Motion for Relief from Judgment under Rule 60, filed November 8, 2000 *(Doc. 33)*.

According to Rule 60, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for any...reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).  Rule 60(b)(6)  is a grand reservoir of equitable power to do justice in a particular case. *See Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 579 (10th Cir. 1996).

However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. *See id.* Such action is not warranted here.

In this case, Plaintiff fears that dismissal of ¶ 20 I of the FAC results in dismissal of Count One in its entirety. However, Defendant does not assert that Plaintiff dismissed Count One. *See* Defendant's Reply to Plaintiff's Response to Motion to Dismiss at 10, filed October 20, 2000 *(Doc. 30)*. The allegations contained in ¶¶ 20 L-M are incorporated by reference into Count One. *See id.* Accordingly, dismissal of ¶ 20 I of the FAC does not amount to dismissal of Plaintiff's cause of action for "Unlawful Discrimination." Plaintiff still has a claim for unlawful discrimination based on ¶¶ 20 L-M . Therefore, Plaintiff's motion for relief from judgment under Rule 60 will be denied.

## II.   Defendant's Motion to Dismiss

### A.   Plaintiff's Motion to Strike

As an initial matter, Plaintiff moves to strike Defendant's Motion to Dismiss as untimely in that it did not permit Plaintiff to respond before the motions deadline. *See* Plaintiff's Response to Defendant's Motion at 4, filed October 12, 2000 *(Doc. 29)*. Defendant's motion was filed September 18, 2000, the final day for filing motions in this case. *See* Initial Pre-Trial Order, filed February 25, 2000 *(Doc. 20)*. The Initial Pretrial Order clearly states that "pretrial motions must be fully briefed no later than October 23, 2000." *See* Initial Pre-Trial Order at 12. Defendant filed a reply on October 20, 2000 *(Doc. 30),* thereby completing the briefing on the motion before the deadline. Plaintiff's motion to strike is therefore denied.

### B.    Standard of Review

The Court will consider Defendant's Motion as a motion for summary judgment, as extrinsic evidence has been presented and considered by the Court.  *See* FED. R. CIV. P. 12(b).  Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U. S. 317 (1986); *Handy v. Price*, 996 F. 2d 1064, 1066 (10th Cir. 1993); FED. R. CIV. P. 56.  The moving party bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See National Union Fire Insurance Co. v. Emhart Corp.*, 11 F. 3d 1524, 1528 (10th Cir. 1993).  Once the movant has met its burden, the burden of going forward then shifts to the non-moving party to show that a genuine issue of material fact remains for the fact finder to resolve. *See Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F. 3d 1190, 1194 (10th Cir. 1994). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)).   If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (citations omitted).

### C.    Title VII

Title VII prohibits an employer from discriminating against employees on the basis of gender or in retaliation for opposing unlawful employment practices.  *See* 42 U.S.C. § 2000e-2(a).  Where there is no direct evidence of discrimination, a Plaintiff may establish a claim of discrimination or

retaliation indirectly through the use of circumstantial evidence based on the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Under *McDonnell Douglas*, Plaintiff must first demonstrate, by a preponderance of the evidence, a *prima facie* case of discrimination against the employer. *See McDonnell Douglas*, 411 U.S. at 802-04. If the Plaintiff succeeds in proving a *prima facie* case of discrimination, the burden shifts to the Defendant to "articulate some legitimate, non-discriminatory reason for the employee's rejection. *See id.* at 802. If the Defendant carry its burden, Plaintiff is given the opportunity to demonstrate that the reasons proffered by the Defendant are merely pretext for discrimination. *See id.* This standard also governs a claim of retaliation. *See Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1179 (10th Cir. 2000).

### 1.     *Prima Facie Case of Gender Discrimination*

To establish a prima facie case of discrimination under Title VII, Plaintiff must show: "(1) she is a member of the class protected by the statute; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class." *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315-16 (10th Cir.1999) (citations omitted). Based on the remaining issues in the case, Plaintiff, a female, alleges (1) that she "was not reassigned back to the Budget and Resources management Division in March or April of 1997," Plaintiff's First Amended Complaint at ¶20 L; (2) that she "was stripped of her position, duties and responsibilities in retaliation for protected activity," *Id.* at ¶ 20 M; and (3) that she "was required to report to an employee below her GS-14 status," *Id.* at ¶ 20 N.

Defendant claims that Plaintiff was not reassigned to the position she requested because she did not have the requisite leadership style nor an engineering degree. Thus, Plaintiff was not qualified for the position. However, the requirements for the position were not concrete. Therefore, Plaintiff could establish a prima facie case of discrimination if she were to demonstrate that she was treated less favorably than males with similar skills and training. However, Plaintiff alleges no such facts. It is unclear whether a male was assigned to the position sought by Plaintiff. If a male was assigned to the position, it is unclear whether he possessed equal qualifications for the position. Plaintiff's first allegation fails to indicate that she was treated differently than her male counterparts.

Plaintiff's second allegation that she was stripped of her duties could also be considered discriminatory if a male was treated differently from Plaintiff. Again, Plaintiff fails to adequately set forth such evidence. Plaintiff offers no facts to establish that she was treated differently than her male counterparts.

The third allegation that Plaintiff was required to report to someone below her GS-14 level also fails to establish a prima facie case of discrimination. The record and evidence taken in the light most favorable to Plaintiff indicate that an employee other than Plaintiff was assigned to temporarily oversee the office while Plaintiff's supervisor was not present. Such action is not uncommon and is necessary for the smooth operation of any department. Furthermore, the temporary assignment applied to the entire department, men and women alike, so there is no evidence that it was based on any unlawful discrimination.

Plaintiff has failed to meet her burden of establishing a prima facie case of gender discrimination. Plaintiff's response was completely void of cites to the record tending to show disparate treatment. Therefore, the Court finds that there is no evidence to establish a factual dispute

over whether Plaintiff was treated less favorably than her male counterparts.  Accordingly, Plaintiff's claim of gender discrimination will be dismissed.

### 2.      *Prima Facie Case of Retaliation*

To establish a prima facie case of retaliation, Plaintiff must show that: (1) she engaged in protected opposition to discrimination; (2) defendant subjected her to an adverse employment action subsequent to the protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1205 (10th Cir. 2000).  The filing of an EEOC complaint is protected activity under Title VII.  Therefore, Plaintiff must demonstrate that she was subjected to adverse employment actions by Defendant in response to her EEOC complaints.  Based on the remaining issues in the case, Plaintiff alleges that  Defendant (1) did not reassign her back to the Budget and Resources Management Division in March or April of 1997, (2) stripped her of her position, duties and responsibilities, and (3) required her to  report to an employee below her GS-14 status.

Adverse employment action as proscribed by Title VII is that which alters the employee's "compensation, terms, conditions, or privileges of employment," or "adversely affect[s] his [or her] status as an employee." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir.1998) (quotations omitted) Thus, "not everything that makes an employee unhappy qualifies as an adverse employment action, for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not  like would form the basis of a discrimination suit." *Id.*.

Under this standard, the court finds that the failure to reassign Plaintiff as requested and the reduction of her responsibilities and duties could be considered adverse employment actions by

affecting the nature of her employment and future advancement.  However, that Plaintiff was required to report to an employee below her GS-14 status while her actual supervisor was out of the office, does not qualify as an adverse employment action. As stated earlier, such an assignment is not uncommon.  While Plaintiff may object to not having been selected for temporary supervisor duty, it did not effect her overall compensation, grade, duties, or future advancement and therefore was not retaliatory in nature.

Given the relatively close proximity in time between Plaintiff's EEOC complaints and Defendant's alleged retaliation, the Court finds the causal connection necessary to establish a prima facie case of retaliation based on Defendant's failure to reassign Plaintiff and the reduction in her duties and responsibilities.

### 3.      *Defendant's Legitimate Non-retaliatory Rationale*

Plaintiff is able to establish a prima facie case of  retaliation based on Defendant's failure to reassign Plaintiff and the reduction of Plaintiff's duties and responsibilities.  Therefore, the burden of production shifts to Defendant to articulate a legitimate, non-retaliatory  reason for the adverse employment actions alleged.   Defendant's explanation of its legitimate reasons must be clear and reasonably specific.  *See Considine v. Newspaper Agency Corp.,* 43 F.3d 1349, 1363 (10th Cir. 1994); *E.E.O.C. v. Flasher*, 986 F.2d 1312, 1316 (10th Cir.1992).

In this case, Defendant claims that Plaintiff was not reassigned back to the Budget and Resources Management Division in March or April of 1997 as requested because Plaintiff specifically requested the Defense Programs Branch.  Defendant declined to place Plaintiff in that branch due to Plaintiff's lack of an engineering background and in the interest of diversifying the leadership styles

in that Branch.  *See* Declaration of Jo Loftis, attached as Exhibit A to Defendant's Memorandum in Support of its Motion, filed Sept. 18, 2000 *(Doc. 28).* Defendant's proffered rationale is clear and specific and supports a decision centered on legitimate business reasons.

Defendant attributes Plaintiff's alleged reduction in duties and responsibilities to overall staff reduction and realignment of work.  *See* Declaration of Frank A. Baca, attached as Exhibit C to Defendant's Memorandum in Support of its Motion, filed Sept. 18, 2000 *(Doc. 28).*  This rationale is also clear, specific, and unrelated to Plaintiff's EEOC claims.  Again, Defendant's evidence clearly indicates a decision made for legitimate, non-retaliatory business reasons.

### 4.      *Plaintiff's Demonstration of Pretext*

Once a defendant presents evidence of a legitimate non-retaliatory reason for its actions, the plaintiff must then be allowed to demonstrate that the defendant's offered reasons are a mere pretext for discrimination. To survive summary judgment on pretext, plaintiff must demonstrate the existence of a genuine issue of fact material to the determinations whether a discriminatory reason more likely motivated defendant to discharge her or whether defendant's proffered reasons for her discharge are unworthy of belief.  *See Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir.2000)  "Evidence of pretext may include, but is not limited to, the following: prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or manipulating hiring criteria); and the use of subjective criteria."  *Simms v. Oklahoma*, 165 F.3d 1321, 1328 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).  Another method of establishing pretext is by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a

reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1321 (10th Cir. 1997).

Plaintiff states that Defendant has failed to set forth legitimate non-retaliatory reasons for the adverse employment actions against her. *See* Plaintiff's Response to Defendant's Motion to Dismiss at 18, filed October 12, 2000 *(Doc. 29)*. Accordingly, Plaintiff found it unnecessary to address the issue of pretext. *See id.* However, Defendant's brief clearly set forth legitimate reasons for its employment decisions as discussed above. Furthermore, the Court finds no evidence in the record as a whole to infer that Defendant's employment decisions with regard to Ms. Dawson were motivated by discrimination or that Defendant's proffered explanations are unworthy of credence. Plaintiff has provided only her own EEOC complaints and her own affidavits in support of her claims. Such conclusory allegations not supported by specific facts cannot defeat a properly supported motion for summary judgment. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) ("conclusory and self-serving affidavits are not sufficient" to defeat summary judgment), quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) ("conclusory allegations without specific supporting facts have no probative value"). In any case, a general denial of Defendant's justification is not sufficient to show pretext. *See Irvin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir. 1987). Rather, "a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employer's alleged real discriminatory motive." *Id.* Plaintiff has failed to meet her burden of presenting specific facts, by reference to affidavits, depositions, or exhibits in the record, to overcome the motion for summary judgment. Therefore, Plaintiff's claims for unlawful retaliation are dismissed.

## CONCLUSION

The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated [or retaliated] against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)(quotation omitted); *see also, Perry v. Woodward*, 199 F.3d 1126, 1134 (10th Cir. 1999). In this case, Plaintiff fails to establish a prima facie case of gender discrimination. Plaintiff has also produced no evidence from which a reasonable fact-finder could draw an inference that Defendant's proffered reasons were pretext for retaliation. Accordingly, Defendant's motion to dismiss Plaintiff's claims of gender discrimination and retaliation under Title VII will be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment under Rule 60, filed November 8, 2000 *(Doc. 33)* is hereby DENIED.

IT IS ALSO ORDERED that Defendant's Motion for Dismissal Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c), filed September 18, 2000 *(Doc. 28)* is hereby:

1.   GRANTED as to Plaintiff's Title VII claim of unlawful discrimination based on gender, which will be dismissed with prejudice; and

2.   GRANTED as to Plaintiff's Title VII claim of retaliation, which will be dismissed with prejudice.

DATED December 28, 2000.

_____
UNITED STATES DISTRICT JUDGE

-11-

Attorneys for Plaintiff

        Gail A. Heglund, Esq.
        Hannah B. Best, Esq.
        Hannah Best & Associates
        Albuquerque, New Mexico

Attorneys for Defendant

        Norman C. Bay, Esq.
        United States Attorney
        Albuquerque, New Mexico

        Jan Elizabeth Mitchell, Esq.
        Assistant U.S. Attorney
        Albuquerque, New Mexico

        Pamela Arias-Ortega, Esq.
        Office of Chief Counsel
        U.S. Dept. of Energy
        Albuquerque, New Mexico